1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   V LORRAINE MARTINEZ,                    No.  2:20-cv-02068-WBS-CKD

12                Plaintiff,

13        v.                                 ORDER

14   COMMISSIONER OF SOCIAL
     SECURITY,
15
                  Defendant.
16

17

18        Based on 42 U.S.C. § 406(b), counsel for plaintiff in the above-entitled action seeks an

19   award of attorney fees in the amount of $23,710.00 for 67.60 hours of professional time devoted

20   to the representation of plaintiff before this court.  Counsel concedes that this amount should be

21   offset in the amount of $12,500.00 for fees previously awarded under EAJA.  Defendant has filed

22   a response.

23        42 U.S.C. § 406(b)(1)(A) provides, in relevant part:

24           Whenever a court renders a judgment favorable to a claimant under
             this subchapter who was represented before the court by an
25           attorney, the court may determine and allow as part of its judgment
             a reasonable fee for such representation, not in excess of 25 percent
26           of the total of the past-due benefits to which the claimant is entitled
             by reason of such judgment.
27

28   Rather than being paid by the government, fees under the Social Security Act are awarded out of

                                            1

1  the claimant's disability benefits.  Russell v. Sullivan, 930 F.2d 1443, 1446 (9th Cir. 1991),

2  receded from on other grounds, Sorenson v. Mink, 239 F.3d 1140, 1149 (9th Cir. 2001).

3  However, the 25 percent statutory maximum fee is not an automatic entitlement; the court also

4  must ensure that the requested fee is reasonable.  Gisbrecht v. Barnhart, 535 U.S. 789, 808-09

5  (2002) ("We hold that § 406(b) does not displace contingent-fee agreements within the statutory

6  ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those

7  agreements.").  "Within the 25 percent boundary ... the attorney for the successful claimant must

8  show that the fee sought is reasonable for the services rendered."  Id. at 807.

9        Counsel seeks fees for 67.60 hours.  The Court has considered the character of counsel's

10  representation and the good results achieved by counsel, which included an award of benefits.

11  Counsel submitted a detailed billing statement that supports her request.  There is no indication

12  that a reduction of the award is warranted due to any substandard performance by plaintiff's

13  counsel, as counsel secured a successful result.  There is also no evidence that plaintiff's counsel

14  engaged in any dilatory conduct resulting in delay.

15        Based on the quality of counsel's representation and the results achieved in this case, the

16  undersigned finds the number of hours expended to be reasonable.  Accordingly, the undersigned

17  will award the amount of attorney fees requested.

18        Accordingly, IT IS HEREBY ORDERED that:

19    1.  The motion for attorney fees (ECF No. 25) is GRANTED; and

20    2.  Plaintiff's counsel is awarded $23,710.00 in attorney fees pursuant to 28 U.S.C. § 406,

21        to be offset in the amount of $12,500.00 previously awarded under EAJA.

22  Dated:  02/19/25

23

24                  CAROLYN K. DELANEY
                     UNITED STATES MAGISTRATE JUDGE

25

26

27

28

2